UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Larry Williams, # 94203, ) | C/A No. 2:14-cv-3341-MGL-WWD |
| Petitioner, ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| Warden, McCormick Correctional ) Institution, ) | |
| Respondent. ) | |

Larry Williams ("Petitioner" or "Williams"), as a self-represented state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court pursuant to 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.) for initial screening. Having reviewed the instant Petition and applicable law, the Court finds this § 2254 Petition should be summarily dismissed.

## *PRO SE* HABEAS REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). This Court is required to construe *pro se* petitions liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Such *pro se* petitions are held to a less

stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (citing Rice v. Olson, 324 U.S. 786, 791-92 (1945); Holiday v. Johnston, 313 U.S. 342, 350 (1941)).

When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. Hughes, 449 U.S. at 10 (citing Cruz v. Beto, 405 U.S. 319, 322 (1972)). However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990). Furthermore, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## BACKGROUND

Petitioner attempts to challenge the same convictions he has challenged in numerous previous § 2254 proceedings; he was convicted in Williamsburg County in 1987 of first-degree burglary and burning personal property. In <u>Williams v. State of South Carolina Justice Committee, et al.</u>, Civ. A. No. 3:95-1321-21BC, the respondents filed a Motion for Summary Judgment. The petitioner was appraised of the summary judgment procedure pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), and petitioner filed a response. On February 27, 1996, the Honorable Joseph R. McCrorey issued a Report and Recommendation wherein he recommended that respondents' motion be granted. The petitioner did not file objections, though he had been informed of his right to do so and the serious consequences of failing to object. On March 22, 1996, the assigned District Judge adopted the Report and Recommendation, and granted respondents' Motion for Summary Judgment. Petitioner did not appeal.

Petitioner filed a subsequent § 2254 captioned <u>Williams v. State of South Carolina, et al.</u>, Civ. A. No. 3:95-4030-21BC. In that action, Judge McCrorey authorized service upon the respondents, and on February 16, 1996, he directed the petitioner to submit a Rule 9(b) questionnaire because the respondents had filed a Motion to Dismiss. The petitioner did not submit the Rule 9(b) questionnaire, and on April 5, 1996, Judge McCrorey issued a Report and Recommendation wherein he recommended that the respondents' Motion to Dismiss be granted. Petitioner objected to the Report and Recommendation. However, on May 6, 1996, the assigned District Judge granted the Motion to Dismiss. No appeal was filed.

Petitioner is no stranger to habeas actions; in fact, he has filed numerous § 2254 petitions that were dismissed as successive: <u>Williams v. State of South Carolina et al.</u>, Civ. A. No. 3:97-2200-21BC; <u>Williams v. State of South Carolina et al.</u>, Civ. A. No. 3:98-0360-21BC; <u>Williams v. Chandler, et al.</u>, Civ. A. No. 3:98-3263-24BC; <u>Williams v. Warden of Kershaw Correctional Institution, et al.</u>, Civ. A. No. 3:99-1246-24BC; <u>Williams v. Chandler et al.</u>, Civ. A. No. 3:99-1789-24BC; <u>Williams v. Chandler et al.</u>, Civ. A. No. 3:00-1758-24BC; <u>Williams v. Chandler et al.</u>, Civ. A. No. 3:00-2308-24BC; <u>Williams v. Sate of South Carolina, et al.</u>, Civ. A. No. 3:01-2382-24BC; <u>Williams v. Cooper, et al.</u>, Civ. A. No. 3:01-2734-24BC; and <u>Williams v. Williams, et al.</u>, Civ. A. No. 3:04-22296-MBS.

Williams filed the instant petition for writ of habeas corpus on or about August 14, 2014. (<u>See</u> Dkt. No. 1; Dkt. No. 1-2.)

## DISCUSSION

The instant § 2254 petition is at least Petitioner's thirteenth § 2254 petition on the at-issue convictions. Title 28, United States Code Section 2244 provides that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed" unless an exception applies. <u>See</u> 28 U.S.C. § 2244(b)(2); <u>see also</u> Rule 9, Rules Governing Section 2254 and 2255 Cases ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).").[1]

---

[1] A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
   (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

4

The "AEDPA does not define 'second or successive.'" United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000). "[I]t is well settled that the phrase ['second or successive'] does not simply refer to all § 2254 applications filed second or successively in time." Magwood v. Patterson, 561 U.S. 320, 332 (2010) (internal quotation marks and citations omitted). "In order to qualify as a successive petition, the dismissal of the first habeas petition must be on the merits." Harvey v. Horan, 278 F.3d 370, 379 (4th Cir. 2002), abrogated on other grounds by Skinner v. Switzer, 131 S. Ct. 1289 (2011) (citing Slack v. McDaniel, 529 U.S. 473, 485-89 (2000)). Petitioner's first and second § 2254 petitions were adjudicated on the merits; the instant petition is therefore a successive one. See Harvey, 278 F.3d at 379; see also Burton v. Stewart, 549 U.S. 147, 154 (2007) ("There is no basis in our cases for supposing . . . that a petitioner with unexhausted claims . . . who elects to proceed to adjudication of his exhausted claims[] may later assert that a subsequent petition is not 'second or successive' precisely because his new claims were unexhausted at the time he filed his first petition."); Epps v. McCall, Civ. A. No. 1:13-cv-873-RMG, 2013 WL 2897016, at *1 (D.S.C. June 13, 2013) ("To be considered 'successive,' the second or subsequent petition must be an attack on the same conviction attacked in the first petition, and the first petition must have been adjudicated on the merits." (citing In re Williams, 444 F.3d 233, 236 (4th Cir. 2006))).

---

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

When a petitioner has previously litigated a § 2254 petition, he or she must, "[b]efore a second or successive application permitted by this section is filed in the district court, . . . move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see also Gonzalez v. Crosby, 545 U.S. 524, 530 (2005) ("[B]efore the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions." (citing 28 U.S.C. § 2244(b)(3))). Thus, Petitioner must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this Court will consider any second or successive petition under 28 U.S.C. § 2254.

Petitioner has not shown that he has obtained the permission of the United States Court of Appeals for the Fourth Circuit to file a successive petition. Petitioner's unauthorized, successive petition must be dismissed. See Burton, 549 U.S. at 153 (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition).

**RECOMMENDATION**

Accordingly, it is RECOMMENDED that the petition for a writ of habeas corpus in the above-captioned case be dismissed without prejudice and without requiring Respondent to file an answer or return. It is also RECOMMENDED that a certificate of appealability be denied.[2] Petitioner's attention is directed to the important notice on the next page.

IT IS SO RECOMMENDED.

_____
WALLACE W. DIXON
UNITED STATES MAGISTRATE JUDGE

October 21, 2014
Charleston, South Carolina

---

[2] A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 327 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-85 (4th Cir. 2001). In this case, the undersigned recommends concluding that the standard for the issuance of a certificate of appealability has not been met.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).