

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| LARRY WILLIAMS, § | |
| Petitioner, § | |
| § | |
| vs. § | CIVIL ACTION NO. 2:14-3341-MGL-WWD |
| § | |
| WARDEN, McCormick Correctional § | |
| Institution, § | |
| Respondent. § | |

ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING PETITIONER'S HABEAS PETITION WITHOUT PREJUDICE
AND WITHOUT REQUIRING RESPONDENT TO FILE AN ANSWER OR RETURN

This case was filed as a 28 U.S.C. § 2254 action. Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Petitioner's habeas petition be dismissed without prejudice and without requiring Respondent to file an answer or return. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on October 21, 2014, and the Clerk of Court entered Petitioner's objections on October 31, 2014. The Court has carefully considered the objections, but finds them both to be without merit. Therefore, it will enter judgment accordingly.

Petitioner is currently incarcerated in the McCormick Correctional Institution of the South Carolina Department of Corrections. In 1987 in Williamsburg County, he was convicted of first-degree burglary and burning personal property. Petitioner has filed numerous § 2254s with this Court. He filed the present one on August 14, 2014.

As the Magistrate Judge observes, "[w]hen a petitioner has previously litigated a § 2254 petition, he or she must, '[b]efore a second or successive application permitted by this section is filed in the district court, . . . move in the appropriate court of appeals for an order authorizing the district court to consider the application.'" Report 6 (quoting 28 U.S.C. § 2244(b)(3)(A)). Because, "Petitioner has not shown that he has obtained the permission of the United States Court of Appeals for the Fourth Circuit to file a successive petition. Petitioner's unauthorized, successive petition must be dismissed." *Id*.

Specific objections are necessary to focus the Court's attention on disputed issues. *See Thomas v. Arn*, 474 U.S. 140, 147-48 (1985). In that Plaintiff's general objections to the Report do not direct the Court's attention to any specific portion of the Report, they are tantamount to a failure to object. *See Howard v. Secretary of Health & Human Servs*., 932 F.2d 505, 509 (6th Cir. 1991); *see also Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (stating that failure to file specific objections to particular conclusions in the Magistrate Judge's Report, after being warned of the consequences of failing to object, makes de novo review by the district court unnecessary). And,

a failure to object waives appellate review. *See Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the Court overrules Petitioner's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court that Petitioner's habeas petition is **DISMISSED WITHOUT PREJUDICE** and without requiring Respondent to file an answer or return.

An order denying relief in a § 2254 proceeding such as this is not appealable unless a circuit or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability will issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court has reviewed the petition, the record and the applicable case law and concludes that Petitioner has failed to make the requisite showing. Therefore, to the extent that Petitioner requests a certificate of appealability from this Court, that request is **DENIED**.

**IT IS SO ORDERED**.

Signed this 5th day of November, 2014, in Spartanburg, South Carolina.

s/ Mary G. Lewis
MARY G. LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.